# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Yvonne Henderson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:16-cv-03688-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER** |
| Acting Commissioner of | ) | |
| Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 14), filed on January 24, 2018, recommending that the decision of the Commissioner be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further proceedings.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

The parties were advised of their right to file objections to the Report. (ECF No. 14-1.) Defendant gave notice that she would not be filing any objections to the Report. (ECF No. 16.) Plaintiff also did not file any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. There was no explanation clarifying the conflict between the vocational expert's opinion and the Dictionary of Occupational Titles (DOT); thus, "the government did not meet [its] burden at step five because the vocational expert's testimony did not provide substantial evidence to show that Plaintiff's residual functional capacity

2

would allow her to perform the[ ] jobs [listed by the vocational expert]."[2] (ECF No. 14 at 11.) For this reason, the court **ACCEPTS** the Report (ECF No. 14). Therefore, the court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** this action to the Commissioner for further proceedings.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 13, 2018
Columbia, South Carolina

---

[2] *See Pearson v. Colvin*, 810 F.3d 204, 209–10 (4th Cir. 2015) ("[a]n expert's testimony that apparently conflicts with the *Dictionary* [*of Occupational Titles*] can only provide substantial evidence if the ALJ has received this explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary.") (emphasis in the original).